IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01033-RM-NYW

BABOLAT VS NORTH AMERICA, INC.,

    Plaintiff,

v.

TOPTEAM TECHNOLOGY TAIWAN CO., LTD.,

    Defendant.

**STIPULATION AND PROTECTIVE ORDER**

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Protected Material (as hereinafter defined), and, ~~as grounds, states as follows~~ it is ordered:

1.  In this action, at least one of the Parties is seeking or will seek in the future Confidential Information and/or Highly Confidential Information (as defined in Paragraph 2 below). The Parties also anticipate seeking additional Protected Material during discovery and that there will be questioning concerning Protected Material in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Protected Material except as set forth herein and prohibiting the

Parties from using or disclosing the Protected Material for any purpose other than this litigation.

## I. Definitions

2. "Protected Material" means any Documents, electronically stored information, and things, regardless of the medium or matter generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in connection with disclosures or discovery in this matter that is designated <u>in good faith</u> as Confidential Information or as Highly Confidential — Attorneys Eyes Only<u>, based on the designating Party's good faith belief that the materials so designated are subject to protection pursuant to Fed. Rule Civ. P. 26</u>. Each type of Protected Material is defined further below:

    a. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in Paragraph 5 below. "Confidential information" includes, but is not limited to, non-public documents and/or data in which the Producing Party (defined below) claims a common law, statutory and/or regulatory privacy interest.

    b. Highly Confidential — Attorneys Eyes Only Material means any Confidential Information that is especially sensitive, whose disclosure to another Party or non-party would create a risk of

serious harm that may not be avoided by less restrictive means. By way of example, Highly Confidential — Attorneys Eyes Only Material may include trade secrets or competitively-sensitive business information regarding the products and Patent(s)-in-Suit, including the research, development, design, manufacture, financial, technical, commercial and sales information associated with said products and Patent(s), which documents and information may be of value to an actual or potential competitor, customer, or supplier.

3. "Producing Party" means the party that produces Protected Material.

4. "Receiving Party" means the party receiving Protected Material.

## II. Designation of Material

5. Where Protected Material is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the legend "Confidential" or "Highly Confidential – Attorneys Eyes Only" on each page of any document produced;

   b. With respect to electronically stored information that is not bates-numbered, by imprinting the legend "Confidential" or "Highly Confidential – Attorneys Eyes Only" on the compact disc (or other media) containing the material produced;

   c. By imprinting the legend "Confidential" or "Highly Confidential – Attorneys Eyes Only" next to or above any response to a discovery request; or

   d. With respect to transcribed testimony, by giving written notice to opposing counsel designating portions thereof as "Confidential" or "Highly Confidential – Attorneys Eyes Only" no later than ten calendar days after receipt of the transcribed testimony or by designating on the record at the deposition such portions as "Confidential" or "Highly Confidential – Attorneys Eyes Only."

6. If opposing counsel objects to the designation of certain information as Protected Material, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 30 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Protected Material status from the time it is produced until the ruling by the Court on the motion.

### III. Restrictions on the Use of Designated Material

7. All Protected Material provided by a Party in response to a discovery request or in transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be disclosed, revealed, leaked to the media, or be used for any other purpose or business whatsoever except the preparation and trial of this case;

c. Disclosure of "Confidential Information." Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated Confidential only to: those employed by the law firms representing the parties; officers, directors and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed an Affidavit in the form of Exhibit A; and designated testifying experts, rebuttal experts, consultants, and necessary third party vendors for purposes of this case (*e.g.,* copying services, electronic discovery services, stenographers, etc.) who have agreed to be bound by the Affidavit in the form of Exhibit A; and

d. Disclosure of "Highly Confidential – Attorneys Eyes Only" Information. Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "Highly Confidential – Attorneys Eyes Only" only to the persons listed in Section 7(c) other than (1) officers, directors, and employees (including House Counsel) of any Party; and (2) persons or entities who give business advice to any Party; and (3) Patent Prosecution Counsel.

8. Protected Material may be used in this litigation among the parties and their counsel, experts, and consultants. Individuals authorized to review Protected Material pursuant to this Protective Order shall hold Protected Material in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless compelled to do so by court order or as otherwise permitted by this Protective Order.

9. Counsel for the Receiving Party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Protected Material is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of such information.

10. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 9 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Protected Material and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

11. No copies of Protected Material shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation and pursuant to this Protective Order.

12. During the pendency of this litigation, counsel shall retain custody of Highly-Confidential-Attorneys' Eyes Only Material and copies made therefrom. Designated experts, consultants and necessary third-party vendors subject to the

limitations of Section 7 may possess Highly-Confidential-Attorneys' Eyes Only Material as reasonably necessary for the purposes of this litigation, but such materials must be returned to counsel for retention.

### IV. Use of Protected Material in Court Proceedings

13. In the event Protected Material is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. In the event it is necessary for the Parties to file Protected Material as well as briefs quoting or discussing confidential information with the Court in connection with any proceeding or motion, the Protected Material shall be filed in accordance with the requirements of D.C.COLO.LCivR. 7.2. and/or 7.3 and demonstrate that the Protected Material at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). <u>Notwithstanding the foregoing, nothing in this Protective Order should be construed as an affirmative ruling that any motion to restrict will be granted, even if the Parties so stipulate</u>.

### V. Inadvertent Disclosure

14. The inadvertent disclosure to another party of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as a privileged attorney/client communication or as attorney work product, shall not constitute a waiver of any privilege or otherwise affect the right to withhold from production as privileged or work product any other documents or information, even

though such documents or information may relate to the same or a related transaction or subject matter as the document inadvertently disclosed.

15. Nothing herein shall preclude the non-producing party from requesting the Court to determine whether the document or information is privileged or work product information. In the event that the non-producing party intends to challenge the claim of privilege, the non-producing party may retain a copy of such document for such purposes.

**VI. Completion of Litigation**

16. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Material pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

17. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

18. Subject to any applicable requirements of the Federal Rules of Civil Procedure, or the Local Rules, the provisions of this Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to be binding throughout and after the conclusion of the case, including, without limitation, any appeals therefrom. . Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action (including appeals), each Receiving Party must return all Protected Material to the Producing Party. The Receiving Party may, at its option, destroy some or all of the Protected Material instead of returning it to the Producing Party. This includes an obligation to return or destroy all

copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel, and parties not represented by Counsel in this action, may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

## VII.  Miscellaneous

19.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Protected Material shall be treated at trial.

20.     If another court or an administrative agency subpoenas or orders production of Protected Material which a Receiving Party has obtained under the terms of this Protective Order, such party shall promptly notify the Producing Party (of such Protected Material) before complying with said request.

21. Notwithstanding anything to the contrary herein, any party may freely disclose its own Protected Material material in any manner it chooses, including to third parties, without impairing the obligations imposed by this Protective Order upon others.

22. The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential or Privileged Information is discoverable, but rather, is a mechanism by which Protected Material that is disclosed is prevented from being used for any purpose outside this litigation by any party.

23. The parties acknowledge that medical care may be ongoing as it pertains to the plaintiffs and this order in no way restricts the creation, use, and dissemination of medical records for purposes of care, treatment, billing, and for use in the administration of the underlying workers compensation action(s).

DATED this 27th day of July, 2015.

BY THE COURT:

/s/ Nina Y. Wang
United States Magistrate Judge

**STIPULATED AND AGREED BY:**

By: /s/ Amber J. Munck
Amber J. Munck
Greenberg Traurig, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 572-6500
Facsimile:  (303) 572-6540

Alfred W. Zaher
Shawn S. Li
Buchanan Ingersoll & Rooney PC

By: /s/ Daniel S. Mount
Daniel S. Mount
Kathryn Spelman
Gene Cherng
Spelman & Fingerman, P.C.,
333 West San Carlos, Suite 1650,
San Jose, CA 95110
Telephone:  (408) 279-7000

Attorneys for Defendant Topteam
Two Technology Taiwan Co., Ltd.

Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555

Aaron L. J. Pereira
Buchanan Ingersoll & Rooney PC,
1290 Avenue of the Americas, 30th Floor,
New York, NY 10104-3001

Attorneys for Plaintiff Babolat VS North
America Inc.

*DEN 98863199v1*