**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01033-RM-NYW

BABOLAT VS NORTH AMERICA, INC.,

     Plaintiff,

v.

TOPTEAM TECHNOLOGY TAIWAN CO., LTD.,

     Defendant.

---

**[PROPOSED] ESI PROTOCOL**

---

The Parties agree to the following protocol for the production of Discoverable Documents and Electronically Stored Information, and the court hereby adopts it for use in the above-referenced matter. As used in this document, the term "Discoverable Documents and Electronically Stored Information" means discoverable documents and data existing in electronic form consistent with Fed. R. Civ. P. 34(a), including by way of example and not by way of limitation, e-mail, calendars, word processing documents, spreadsheets, electronic slide presentations, databases, and other reasonably accessible electronically stored information relevant to the claim(s), defense(s) or discovery requests of any party subject to discovery pursuant to Fed. R. Civ. P. 26.

## I.     ELECTRONIC DISCOVERY

1.     After receiving requests for document production, the Producing Party shall conduct a reasonable and good faith search for responsive documents and electronically stored information. A Producing Party will disclose to a Requesting Party the existence of those sources of electronically stored information that it believes contain responsive

information and that are not reasonably accessible, and the Parties will meet and confer concerning such information that the Producing Party contends is not reasonably accessible because of undue burden or cost and otherwise engage in the briefing process and procedure outlined in Fed. R. Civ. P. 26(b)(2), after complying with the undersigned Magistrate Judge's informal discovery dispute protocol.

## II.      PRODUCTION FORMAT

1.      **General Format of Production**.  Documents that originally existed in electronic form that are produced in this matter shall be produced in electronic image form in the manner provided herein.  Documents that originally existed in paper form may be produced in an electronic image form in the manner provided herein, produced in a paper form, or made available for initial examination.  Notwithstanding the foregoing provisions of this paragraph, the Producing Party reserves the right to request that an alternative format or method of production be used for certain documents and, in that event, the parties will meet and confer to discuss alternative production requirements, concerns, formats or methods.

2.      **Document Image Format**.  Document images produced in electronic form will be produced in multi-page Tagged Image File Format ("TIFFS" or ".tiff format").  The Producing Party may produce all images generated from native electronic documents shall be saved electronically in a Group 4 compression multi-page "TIFF" image that reflects the full and complete information contained on the original document, or alternatively, in PDF format..  Meta-data for documents generated from native electronic documents shall be provided as set forth in subparagraph 9.  The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software such as Summation or Concordance.  Notwithstanding the foregoing provisions of this paragraph, the parties recognize that it may be appropriate for certain

files to be produced in native file format and the Producing Party shall have the option to produce those certain types of files in native format.  Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

3.      **Attachments and Parent-Child Relationships**.  Separate document(s) (the "child") attached to another document (the "parent") shall be produced contemporaneously and sequentially immediately after the parent document.  Parent-child relationships (the association between an attachment and its parent document) shall be preserved.  Documents embedded inside other documents (e.g., a Word file embedded inside a PowerPoint file) shall be designated as "attachments" to the embedding (parent) file.  In the preceding example, the Word document would be designated as an attachment (child) of the PowerPoint file (parent).

4.      **Color.**  If an original document contains color, the Producing Party agrees to honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.  The Requesting Party agrees to pay for reasonable costs associated with the color scanning and production of color images of documents already produced.

5.      **Duplicates.**  Where a party has more than one identical copy of an electronic document (i.e., the documents are visually the same and contain the same electronic text), the Producing Party need only produce a single copy of that document.  Furthermore, the parties are not required to produce multiple instances of an electronic message sent to multiple recipients, provided that all of the recipients (including "blind carbon copy" recipients) can be identified from documents or electronically stored information produced pursuant to this protocol and, as described in the remainder of this paragraph, no information is missing from the electronic message.  Where a subsequent electronic mail message contains all of the portions of an earlier message produced

pursuant to this protocol, it is not necessary for a producing party to produce the earlier message in addition to the subsequent inclusive message.  If the subsequent inclusive message does not include an attachment to an earlier message, the attachment must also be produced pursuant to this protocol, in addition to the subsequent inclusive message.

6.     **Bates Numbering.**  Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document.

7.     **File Naming Conventions.**  Each page image file shall be named with the unique Bates Number of the page of the document, followed by the extension ".TIF," or ".PDF," as appropriate.

8.     **Production Media.**  A Producing Party shall produce documents that it produces in an electronic image form on CD-ROM, DVD, external hard drive, or such other readily accessible compute or electronic media as the parties may hereafter agree upon.

9.     **Meta-Data.**  To the extent a Producing Party extracts any of the following metadata fields associated with its email production, the Producing Party will produce those metadata fields to the Requesting Party:

      a.     Subject line;

      b.     Date sent;

      c.     Sender/Author;

      d.     Recipient(s);

      e.     Copyee(s);

      f.     Blind copyee(s);

For images generated from native electronic documents, a Producing Party shall produce a load file with each production with the following fields, where available:

        a.      Starting Bates (Beginning documents Bates number);

        b.      Ending Bates (Ending documents Bates number);

        c.      Begin Attach (Beginning Bates number for any attachment or range of attachments);

        d.      End Attach (Ending Bates number for any attachment or range of attachments);

        e.      Source (custodian/location from which document was collected).

Alternatively, a Producing Party can satisfy its obligations under this subparagraph by providing information sufficient to identify any attachments to the documents produced.

**10.**     **Search Terms.** The parties shall meet and confer on search terms to be used for electronic documents to identify electronic documents that will be reviewed for possible production.

**11.**     **Databases.** To the extent response to discovery requires production of discoverable electronic information contained in a database, in lieu of producing the database, the Producing Party may produce reports from the database. The reports produced shall be fully responsive to the discovery request. Upon review of the reports, the Requesting Party may make reasonable requests for additional information to explain the database scheme, codes, abbreviations or to request reports in different formats.

**12.**     **Production of Other Electronic Documents.** This Agreement only applies to the production of the following categories of electronic documents: databases, e-mails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents. The parties shall meet and confer to agree on the form of any production of electronic documents other than the foregoing.

### III.   COST OF PRODUCTION

The parties reserve the right to seek cost shifting as appropriate at a later time.  If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the parties shall meet and confer to agree on a reasonable, alternative form of production.

### IV.   INADVERTENT PRODUCTION

The parties are continuing their discussions regarding a protocol for produced documents that are subsequently alleged to be privileged.  If an agreement cannot be reached, the parties may subject the matter to the Court.

### V.   MODIFICATION OF PROTOCOL

The parties agree that this protocol was agreed upon based upon the information available at the time that it was executed by the parties and this Agreement may be subject to modification in the future.

### VI.   DISCOVERY AND ADMISSIBILITY

Nothing in this Agreement shall be construed to affect the discoverability or admissibility of any document or data.  All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.


DATED this 28th day of July, 2015.


BY THE COURT:


s/ Nina Y. Wang

Nina Y. Wang
United States Magistrate Judge

7

**STIPULATED AND AGREED BY:**

By: */s/ Amber J. Munck*                     By: */s/ Daniel S. Mount*
Amber J. Munck                               Daniel S. Mount
Greenberg Traurig, LLP                       Kathryn Spelman